Matter of Dobco, Inc. v City of New York (2025 NY Slip Op 03129)

Matter of Dobco, Inc. v City of New York

2025 NY Slip Op 03129

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Webber, J.P., Moulton, Friedman, Gesmer, Michael, JJ. 

Index No. 154406/23|Appeal No. 4431|Case No. 2024-01272|

[*1]In the Matter of Dobco, Inc., Petitioner-Appellant,
v
The City of New York, et al., Respondents-Respondents.

Moritt Hock & Hamroff, LLP, Garden City (Robert J. Fryman of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Shane Magnetti of counsel), for respondents.

Judgment (denominated an order), Supreme Court, New York County (Arthur F. Engoron, J.), entered January 10, 2024, denying the petition to annul a determination of respondent Contract Dispute Resolution Board (CDRB), dated December 15, 2022, which denied petitioner's claims for additional compensation for providing a site safety manager, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
CDRB's determination was not arbitrary and capricious or affected by an error of law (see CPLR 7803[3]; 9 RCNY 4—09[g][6]). CDRB rationally concluded that the plain language of the addendum issued by the New York City Department of Design and Construction (DDC) required petitioner to provide a site safety manager on its construction project (see Matter of Total Envtl. Restoration Solutions, Inc. [TERS] v Contract Dispute Resolution Bd., 215 AD3d 466, 467 [1st Dept 2023]; see generally Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). The provision at issue states, "Contractor to provide a full-time certified Site Safety Manager as defined by NYC DOB." The phrase "as defined by" clearly refers the reader to the Building Code's definition of a "site safety manager," which sets out the qualifications for an individual serving in this role. Petitioner's interpretation of this provision as merely directing it to the Building Code for guidance to determine whether a site safety manager was required for the project was properly rejected (see e.g. Matter of 195 B Owner LLC v Anthropologie, Inc., 228 AD3d 418, 419 [1st Dept 2024]).
Moreover, the CDRB correctly notes that the Building Code merely establishes the "reasonable minimum requirements and standards" for construction projects, and DDC may impose safety requirements beyond those standards (see Administrative Code of City of NY § 28-101.2). To the extent petitioner suggests that the provision in the addendum is open to two interpretations (see e.g. Ellington v EMI Music, Inc., 24 NY3d 239, 244 [2014]), DDC's Information for Bidders required petitioner to seek clarification before bidding. Because it failed to do so, it is bound by the City's interpretation (see Thalle Constr. Co., Inc. v City of New York, 256 AD2d 157, 158 [1st Dept 1998]). Petitioner's arguments that the addendum contained a latent ambiguity and that DDC should be estopped from denying its claim for additional compensation are unpreserved (see McCartan v Shea, 211 AD3d 534, 535 [1st Dept 2022]). In any event, the alleged ambiguity is not latent, as it "arises from the language [of the contract] itself" (see L&L Painting Co., Inc. v Contract Dispute Resolution Bd. of the City of N.Y., 68 AD3d 594, 596 [1st Dept 2009], affd 14 NY3d 827 [2010]).
We have considered petitioner's remaining arguments and we reject them. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025